85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sundra PITS, Defendant-Appellant.
 No. 95-6080.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on charges of possession of cocaine and conspiracy to possess the drug with intent to distribute it. The defendant, Sundra Pits, contends that the trial court violated her right to a fair trial by improperly interfering with her attorney's opening statement. Not persuaded, we shall affirm the conviction.
 
 
 2
 Ms. Pits was arrested with a bag containing cocaine after she disembarked from a plane at the Memphis International Airport. Her defense at trial was that she did not know there was cocaine in the bag, and that in fact it had been placed there by another person before she left her home in Los Angeles.
 
 
 3
 Intending to set the stage for his account of how the cocaine came to be in his client's luggage, defense counsel began his opening statement by telling the jury that Ms. Pits was the mother of two small children, that she lived with her mother, and that she had never been arrested before in her life. The government's attorney objected, the relevance of these facts not being readily apparent, and after a side-bar conference the judge sustained the objection. The jury was told that considerations such as the existence and age of children were ordinarily irrelevant to the question whether an accused person was involved in the offense.
 
 
 4
 When defense counsel resumed his opening statement, he told the jury that Ms. Pits had only recently learned the identity of her father. The government's attorney again objected. The court sustained the objection, instructing defense counsel to limit his statements to "the central core facts."
 
 
 5
 Defense counsel's expression and gestures indicated displeasure with the court's ruling, as the judge saw it, so the judge again brought counsel to side-bar. After a brief conference, the jury was excused for the day at approximately 5:20 p.m. A lengthy discussion ensued, during the course of which the court denied a defense motion for a mistrial. The judge eventually agreed, however, to let the defendant's counsel include most of the disputed matter in his opening statement.
 
 
 6
 When the jury returned the next morning the court explained that no negative inferences were to be drawn against either side by reason of what had been said earlier. Defense counsel then presented a complete opening statement without interruption. At the conclusion of an otherwise uneventful trial the jury found the defendant guilty on both counts of the indictment.
 
 
 7
 Relying upon United States v. Hickman, 592 F.2d 931 (6th Cir.1979), the defendant contends on appeal that her Sixth Amendment right to a fair trial was compromised by the events of the first afternoon. We disagree. A district court may exercise "discretionary control over opening statements, including the power to exclude irrelevant matters." United States v. Poindexter, 942 F.2d 354, 360 (6th Cir.1991), cert. denied, 502 U.S. 994 (1992). And it is within the court's supervisory "power to interrupt counsel who is presenting argument during opening." Cox v. Treadway, 75 F.3d 230, 237 (6th Cir.1996). We do not believe the court abused its discretionary authority here. Nor do we believe the court erred by sending the jury home for the day. Under the circumstances, such a measure strikes us as a completely reasonable attempt to prevent a situation from developing that could have prejudiced the defendant's rights.
 
 
 8
 Hickman, moreover, involved impermissible conduct that permeated the entire proceedings. The Hickman trial only lasted one day, but during that time the trial judge made more than 250 interjections, unduly restricted defense counsel's cross-examination, and in several instances personally took charge of cross-examining defense witnesses. In the case at bar, by contrast, defense counsel does not allege that the trial judge exceeded his proper role other than during the opening statement.
 
 
 9
 Upon review of the record as a whole, we conclude that the trial judge conducted himself in a reasonable and impartial manner. The defendant's right to a fair trial was not compromised, and her conviction is AFFIRMED.